**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CAROL ANN T.,**

**Plaintiff,** **6:20-cv-453 (GLS)**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter W. Antonowicz — PETER W. ANTONOWICZ, ESQ.
148 West Dominick Street
Rome, NY 13440

**FOR THE DEFENDANT:**
HON. ANTOINETTE T. BACON — PAUL NITZE
Acting United States Attorney — Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Michael Pelgro
Regional Chief Counsel
Office of General Counsel, Region I
JFK Federal Building
15 New Sudbury Street, Room 625
Boston, MA 02203

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Carol Ann T. challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Carol's arguments, the Commissioner's decision is affirmed.

## II. Background

On May 8, 2017, Carol applied for DIB benefits under the Social Security Act (hereinafter "the Act"), alleging a disability beginning on August 2, 2016. (Tr.[1] at 84, 161-62.) After her application was denied, (*id.* at 85-90), she requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 91-94), which was held on March 1, 2019, (*id.* at 27-71). On March 12, 2019, the ALJ issued an unfavorable decision denying the requested benefits, (*id.* at 7-23), which became the Commissioner's final determination upon the Appeals Council's denial of review, (*id.* at 1-6).

Carol commenced the present action on April 20, 2020 by filing her complaint, wherein she seeks review of the Commissioner's determination.

[1] Page references preceded by "Tr." are to the administrative transcript. (Dkt. No. 12.)

(Compl.) Thereafter, the Commissioner filed a certified copy of the administrative transcript. (Dkt. No. 12.) Each party filed a brief seeking judgment on the pleadings. (Dkt. Nos. 17, 20.)

## III. Contentions

Carol contends that the ALJ erred in finding that (1) Carol's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the record, and (2) Carol retained her transferrable skills. (Dkt. No. 17 at 1.) The Commissioner counters that the appropriate legal standards were used, and the ALJ's findings are supported by substantial evidence.[2] (Dkt. No. 20 at 5-17.)

## IV. Facts

The court adopts the parties' factual recitations to the extent they are consistent with the statement of facts contained in the ALJ's decision and supported by the medical record. (Tr. at 10-19; Dkt. No. 17 at 1-9; Dkt. No. 20 at 4.)

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) (internal quotation marks and citations omitted).

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-*3 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Residual Functional Capacity Determination

Carol's first contention—that the ALJ's finding that her subjective complaints are inconsistent with the evidence in the record is not supported by substantial evidence—relates to the ALJ's residual functional capacity (RFC) determination. (Dkt. No. 17 at 12-15.) A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record.

*See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ found that Carol has the RFC to perform sedentary work with the following limitations: she can only occasionally stoop, balance, and climb stairs and ramps; she can never crouch, crawl, kneel, or climb ladders, ropes, or scaffolds; she cannot work at unprotected heights or in close proximity to dangerous machinery; she can tolerate only a moderate level of noise; and she requires an opportunity to change positions after sitting for thirty minutes. (Tr. at 14-15.) Carol contends that the ALJ erred in finding that her subjective complaints of pain were inconsistent with the evidence in the record, as such finding was not supported by substantial evidence. (Dkt. No. 17 at 12-15.)

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce the [symptoms] alleged," she "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility

inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96–7p, 1996 WL 374186, at *4 (July 2, 1996).

Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, Carol testified at the administrative hearing that she has "severe pain in [her] lower back" that causes numbness in both of her legs, and that her inability to lift boxes, sit for prolonged periods of time, and squat or bend over contributed to her losing her previous job. (Tr. at 36-37.) She testified that she can sit for only ten minutes at a time and stand for just five minutes at a time, she cannot even walk to her mailbox without the use of her prescribed cane, she can lift up to just five pounds, and,

while she can load the dishwasher, make the bed, and vacuum, she can only perform such household tasks for fifteen minutes at a time before she has to take a break. (*Id.* at 42-43, 48.) Carol also testified that she has "severe depression, anxiety, [and] loss of concentration," and hearing loss in both ears. (*Id.* at 39-40.)

The ALJ expressly took these complaints into account and found that Carol's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that her subjective statements "concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 16.)

Carol argues that this finding is not supported by substantial evidence because the ALJ mischaracterized the medical history with respect to Carol's physical therapy, made inaccurate findings regarding her gait, offered a lay opinion "rather than legal findings" with respect to certain MRI results, "made presumptions about the declining of injections and statements of a physician regarding the need to be more active," and improperly considered the fact that Carol had received unemployment benefits. (Dkt. No. 17 at 12-15.) As explained in more detail below, the

court is not persuaded by any of these arguments.

First, as noted by the Commissioner, (Dkt. No. 20 at 5), Carol elaborates on just two of these contentions in her brief: the arguments related to certain MRI evidence and the ALJ's consideration of the fact that Carol had received unemployment benefits,[3] (*see generally* Dkt. No. 17). With respect to the MRI evidence, Carol argues that, rather than obtaining the opinion of a medical expert, the ALJ "surmise[d] what she thought the MRI findings and treatment records indicate[d]" and found that "the MRI results were inconsistent with the level of limitation alleged by [Carol]." (*Id.* at 14-15.) And with respect to the ALJ's consideration of Carol's applications for unemployment benefits, Carol argues that such applications should not have been considered because "[t]he ability to work is not the question in a Social Security Disability claim"; rather, the issue is the claimant's "ability to perform and sustain substantial gainful activity." (*Id.* at 13-14.)

As argued by the Commissioner, (Dkt. No. 20 at 5-11), the ALJ's

---

[3] The other arguments that Carol advances regarding the ALJ's credibility determination are entirely undeveloped, (*see generally* Dkt. No. 17), and, thus, it is difficult for the court to discern Carol's contentions. In any event, a review of the aspects of the record that are relevant to these points makes clear that the ALJ's determination was based on substantial evidence and is free from legal error.

finding that Carol's subjective statements "concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" is supported by substantial evidence in the record, despite the ALJ's statements with respect to the unemployment benefits and the MRI evidence. Specifically, the ALJ considered all of the objective medical evidence since the alleged onset date, as well as the opinions of Drs. T. Bruni, Ph.D, Sara Long, Ph.D, G. Feldman, M.D., and Elke Lorensen, M.D., (*id.* at 14-17), all of which amount to substantial evidence supporting the ALJ's finding that Carol is able to perform sedentary work with the aforementioned limitations.

As to the MRI evidence, the ALJ noted that an MRI showed mild spinal canal stenosis, and considered this fact in conjunction with various other pieces of medical evidence in deciding whether Carol's subjective complaints were supported by the record. (*Id.* at 16.) Contrary to Carol's apparent assertion, considering all of the evidence and determining which sources of medical evidence should be afforded the most weight, as well as assessing the credibility of witness testimony and other evidence, is the ALJ's duty and does not constitute improper reliance on lay opinion. *See*

20 C.F.R. § 404.1527(d)(2) ("Although [the Commissioner] consider[s] opinions from medical sources on issues such as . . . [the claimant's] residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner."); *Flynn v. Comm'r Soc. Sec. Admin.*, 729 F. App'x 119, 121 (2d Cir. 2018) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve." (alteration and citation omitted)); *Mauro King v. Berryhill*, 251 F. Supp. 3d 438, 446 (N.D.N.Y. 2017) ("[T]he Commissioner, not this Court, is the factfinder who resolves [g]enuine conflicts in the medical evidence." (internal quotation marks and citation omitted)).

With respect to the ALJ's consideration of Carol's receipt of unemployment benefits, the ALJ made clear that the fact that she received such benefits was "not dispositive" but was among the many other pieces of evidence reviewed and considered by the ALJ, and merely indicated that she felt ready to work. (Tr. at 17.) Accordingly, the ALJ did not err in that regard. *See Maryellen D. v. Berryhill*, No. 5:17-cv-294, 2018 WL 4627664, at *12 (N.D.N.Y. Sept. 27, 2018) ("Nor did the ALJ err in considering Plaintiff's claim for unemployment benefits after the onset date as a factor adversely affecting her credibility."); *Felix v. Astrue*, No. 11-CV-3697, 2012

WL 3043203, at *10 (E.D.N.Y. July 24, 2012) ("Courts in the Second Circuit have held that an ALJ may consider evidence that the claimant received unemployment benefits and/or certified that he was ready, willing, and able to work during the time period for which he claims disability benefits as adverse factors in the ALJ's credibility determination." (collecting cases)).

Ultimately, the ALJ explicitly acknowledged consideration of 20 C.F.R. § 404.1529 when making her credibility determination, (Tr. at 15), and it is evident from her thorough discussion that the determination was supported by substantial evidence and free from legal error. *See Britt v. Astrue*, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and the applicable Social Security Rulings as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility); *see also Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *6 (W.D.N.Y. June 25, 2012) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record." (internal quotation marks, alteration, and citation omitted)).

Accordingly, the ALJ did not err in evaluating Carol's subjective

complaints.

**B. <u>Step Five Determination</u>**

At step five of the sequential review process, a "limited burden" shifts to the Commissioner to "show that there is work in the national economy that the claimant can do." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (citation omitted). ALJs may rely on the testimony of a vocational expert (VE) to support their findings. *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. *See De Leon v. Sec'y of Health & Human Servs.*, 734 F.2d 930, 936 (2d Cir. 1984).

When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding. *See Mancuso v. Astrue*, 361 F. App'x 176, 179 (2d Cir. 2010); *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 114 (2d Cir. 2010). Conversely, VE testimony given in response to a hypothetical question that does not present the full extent of a claimant's impairments, limitations, and restrictions, or is otherwise inadequate, cannot constitute substantial evidence to support a conclusion

of no disability. *See Pardee v. Astrue*, 631 F. Supp. 2d 200, 211-12 (N.D.N.Y. 2009).

At the administrative hearing, the VE classified Carol's past work as a medical records clerk, a semi-skilled position that requires light exertion. (Tr. at 63.) The VE testified that a former medical records clerk like Carol would possess certain clerical skills, including "data entry; keyboarding; filing; record keeping; information giving; [and] processing requests for information." (*Id.*) According to the VE, although the job of medical records clerk would not be available to a hypothetical individual who could only perform sedentary work and who had the same age, education, work background, and RFC as Carol, the aforementioned skills acquired from such a job would be transferrable to other occupations. (*Id.* at 63-65.) Specifically, the VE noted that the skills acquired from Carol's work as a medical records clerk would be "directly" transferable to jobs as a data entry clerk, insurance clerk, and receptionist, all of which require sedentary exertion only. (*Id.* at 65-66.)

Based on this testimony, the ALJ found that Carol "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy" and

noted that her “previous work is so similar to the jobs [of data entry clerk, insurance clerk, and receptionist,] that [she] would need to make very little, if any, vocational adjustment.” (*Id.* at 18-19.) Accordingly, the ALJ found that Carol is not disabled under the Act. (*Id.*)

Carol does not dispute that she acquired transferable skills from her past work, but she insists that the ALJ erred because “such skills are inaccessible to her due to her distraction from pain and her inability to sit still long enough to employ them.” (Dkt. No. 17 at 16.) Further, Carol argues that the ALJ also erred by “fail[ing] to satisfy the requirement that there be ‘specific findings by the ALJ on the transferability of vocational skills.’” (*Id.* (citation omitted).) In response, the Commissioner contends that Carol’s argument that her skills are inaccessible should be rejected as a “backdoor challenge to the ALJ’s RFC assessment,” and her argument regarding the ALJ’s failure to make specific findings with respect to the transferability of her skills should be rejected as the ALJ did make such specific findings. (Dkt. No. 20 at 12-17.) The court agrees with the Commissioner.

First, as argued by the Commissioner, (*id.* at 12-13), to the extent Carol asserts that the ALJ erred by failing to find that her skills were

"inaccessible" because she has "difficulties with distraction and inability to sit still," (Dkt. No. 17 at 16), those complaints were considered and properly found to be unsupported by the ALJ in her RFC assessment, (Tr. at 14-17); *see supra* Part VI.A.

Next, Carol's argument that the ALJ failed to make the necessary specific findings with respect to the transferability of her skills, (Dkt. No. 17 at 16-17), is belied by the administrative record, (Tr. at 18-19). A claimant like Carol, who is at, or approaching, advanced age, who previously held a semi-skilled job that she can no longer perform, and who has the RFC to perform sedentary work, "is not to be found disabled if [s]he has vocational skills that are transferable, but must be found disabled if [s]he does not have such skills." *Clark v. Berryhill*, 697 F. App'x 49, 51 (2d Cir. 2017) (citations omitted). Accordingly, whether Carol's skills are transferable is a "crucial" issue. *See id.*

"When the issue of skills and their transferability must be decided, the . . . ALJ is required to make certain findings of fact and include them in the written decision." *Id.* at 50 (citation omitted). Particularly, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired

work skills are transferable must be cited in the . . . ALJ's decision." *Id.* (citation omitted). An ALJ may rely on a VE's testimony in making these findings. *See id.*

Here, with the assistance of the VE's testimony, the ALJ made the following relevant findings: (1) Carol's past relevant work is as a medical records clerk; (2) the job of a medical records clerk is a semi-skilled job that requires light exertion; (3) in such job, Carol would possess certain clerical skills, including data entry, keyboarding, filing, record keeping, information giving, and processing requests for information; (4) the specified skills are transferable to the following occupations, all of which contain a significant amount of jobs in the national economy and require sedentary exertion only: data entry clerk, insurance clerk, and receptionist. (Tr. at 18-19.)

Accordingly, the ALJ made the requisite specific findings regarding Carol's skills, the transferability of such skills, and the specific jobs to which those skills are transferable. (*Id.*) As such, the ALJ complied with the regulations and did not err in the manner in which Carol describes, and, thus, remand is not warranted on that basis. *See Debra M. v. Berryhill*, No. 5:17-cv-1359, 2019 WL 1396963, at *9 (N.D.N.Y. Mar. 28, 2019) ("In short,

the ALJ's decision identifies the skills Plaintiff acquired and how those skills transfer to the jobs identified by the vocational expert, as required. . . . [T]he ALJ set forth with sufficient specificity the claimant's acquired vocational skills and made sufficiently specific findings about their transferability, [and, thus,] remand to the commissioner is not warranted." (citation omitted)).

**C. Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision, as it is supported by substantial evidence and free from legal error.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that Carol's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 26, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge